IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| HENRYK STRZELETZ, | : | BANKRUPTCY NO.: 5-03-bk-55994 |
|     DEBTOR | : | |
| | : | |
| THE LUZERNE NATIONAL BANK, | : | {**Nature of Proceeding**: Motion of Debtor |
|     PLAINTIFF | : | Henryk Strzeletz for Order to Modify or |
| | : | Amend Order and Judgment of Court |
| vs. | : | (Doc. #23)} |
| | : | |
| HENRYK STRZELETZ, | : | |
|     DEFENDANT | : | **ADVERSARY NO.: 5-04-ap-50350** |

# OPINION[1]

    Presently before the Court is "Motion of Debtor Henryk Strzeletz for Order to Modify or Amend Order and Judgment of Court", filed in the above-captioned adversary proceeding on August 22, 2005, (Doc. #23). Presumably, the Motion is filed pursuant to Federal Rule of Bankruptcy Procedure 9023 and the Court will treat it a post-judgment request for reconsideration. In short, the Defendant requests this Court to make findings as to the ownership of an Yves Klein painting together with certain personal property identified in the Motion. Furthermore, the Motion requests the Court find that a review of the monthly bank statements identifies sufficiently all relevant income and credits, withdrawals and expenses, and that based upon those documents, the Court and any creditor could ascertain the Debtors' financial condition and material business transactions. Based upon the request of the Court to make certain findings as to the ownership of the above-referenced property and based upon the allegations made concerning the financial records of the Debtor, the Debtor argues the Court should allow the Debtor's discharge.

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[m:\users\cathy\opinions\Strzeletz_04-ap-50350_Recon.wpd]
Case 5:04-ap-50350-JJT    Doc 24    Filed 10/07/05    Entered 10/07/05 10:58:15    Desc
Main Document      Page 1 of 2

When confronted with a motion for reconsideration, this Court finds the following in *In re Fidelity State Bank*, 130 B.R. 578 (D.Kan. 1991):

> A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan. 1990); *Taliaferro v. City of Kansas City*, 128 F.R.D. 675, 677 (D.Kan. 1989). An improper use of the motion to reconsider "can waste judicial resources and obstruct the efficient administration of justice." *United States ex rel. Houck v. Folding Carton Administration Committee*, 121 F.R.D. 69, 71 (N.D.Ill. 1988). Thus, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider. *Renfro v. City of Emporia*, 732 F.Supp. 1116, 1117 (D.Kan. 1990); *Butler v. Sentry Insurance*, 640 F. Supp. 806, 812 (N.D.Ill. 1986).

The Court has reviewed the audio record of the trial of this matter and notes that it addressed each of the issues raised in the instant Motion. While a determination was not made as to the specific ownership interests of the property listed in the Motion, the focus at time of trial was not on ownership but on the failure of the Debtor to adequately disclose the existence and/or transfer of the assets. Nothing in the instant Motion compels the Court at this time to revisit the issues raised in this Motion and the Court finds that each issue was sufficiently addressed at the time of trial.

Based upon the foregoing, the Court will deny the Motion for Reconsideration.

An Order will follow.

Date: October 7, 2005

John J. Thomas, Bankruptcy Judge
(CMS)

*This electronic opinion is signed and filed on the same date.*